IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

BRIAN F. SMITH and
DENISE SMITH,

        Plaintiffs,

vs.

OSCAR L. STOKES,
SOUTHERN TRACTOR & OUTDOORS, INC.
f/k/a SW IRRIGATION EQUIPMENT, INC., and
HAMILTON GROWERS, INC., d/b/a
HAMILTON EQUIPMENT, LP,

        Defendants.
_____/

CASE NO.:
DIVISION:

## COMPLAINT

COMES NOW the Plaintiffs, BRIAN F. SMITH and DENISE SMITH, by and through undersigned counsel, and sues the Defendants, OSCAR L. STOKES and SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC., and HAMILTON GROWERS, INC., d/b/a HAMILTON EQUIPMENT, LP, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $15,000.00.

2. At all times material to this action, Plaintiff, BRIAN F. SMITH was a resident of Clermont, located in Lake County, Florida.

3. At all times material to this action, Plaintiff, DENISE SMITH was a resident of Clermont, located in Lake County, Florida.

4. At all times material to this action, Defendant, OSCAR L. STOKES, was a resident of Tifton, Georgia, and was the permissive user of a motor vehicle owned by SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC and trailer owned by co-

defendant HAMILTON GROWERS, INC., d/b/a HAMILTON EQUIPMENT, LP.

5. At all times relevant, Defendant, OSCAR L. STOKES, was in the course and scope of his employment with SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC., and was permissively operating the motor vehicle owned by SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC. and the trailer owned by HAMILTON EQUIPMENT, LP.

6. At all times material to this action, Defendant, SW IRRIGATION EQUIPMENT, INC., (hereinafter referred to as SW IRRIGATION) was a for profit business with its principal place of business located in Moultrie, Georgia.

7. Defendant, SW IRRIGATION, by and through their agents, employees, and representatives, operated their business throughout the State of Florida, including Polk County, Florida.

8. Defendant, SW IRRIGATION was the owner of the motor vehicle bearing Vehicle Identification Number 1XP5DR8X7WN436385 that was involved in the motor vehicle accident that is the subject of this complaint.

9. At all times material to this action, Defendant, HAMILTON EQUIPMENT, LP, (hereinafter referred to as HAMILTON) was a for profit business with its principal place of business located in Norman Park, Georgia.

10. Defendant, HAMILTON, by and through their agents, employees, and representatives, operated their business throughout the State of Florida, including Polk County, Florida.

11. Defendant, HAMILTON, was the owner of a tractor bearing Vehicle Identification Number 1GAA0621VW051303 that was involved in the motor vehicle accident that is the subject of this complaint.

12. The motor vehicle accident upon which this complaint is based occurred on June 6, 2009. The

accident occurred on State Road 25 at or near its intersection with Sand Mine Road in Haines City, Polk County, Florida.

13. Venue and jurisdiction are proper in this Court.

## COUNT I - NEGLIGENCE OF OSCAR L. STOKES

14. Plaintiff's adopt and re-allege paragraphs 1 through 13 as though fully set forth herein.

15. On or about June 6, 2009 a motor vehicle owned by Defendant SW IRRIGATION and a trailer owned by Defendant HAMILTON, and permissively operated by Defendant, OSCAR L. STOKES, were traveling northbound on State Road 25 in Haines City, located in Polk County, Florida. Plaintiff, BRIAN F. SMITH, was the driver of a motorcycle that was also traveling northbound on State Road 25 and was in front of the tractor and trailer operated by OSCAR L. STOKES.

16. Defendant, OSCAR L. STOKES, negligently operated and/or maintained the tractor-trailer so as to cause same to crash with force and effect into the rear-end of a motor vehicle owned and operated by Plaintiff, BRIAN F. SMITH.

17. The subject motor vehicle accident was solely caused directly and proximately by the negligence of Defendant, OSCAR L. STOKES.

18. As a direct and proximate result of the Defendant's negligence, Plaintiff, BRIAN F. SMITH, was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, suffered mental anguish, suffered loss of earnings, suffered loss of earning capacity, has suffered loss of enjoyment of life, suffered aggravation of pre-existing conditions both known and unknown, the injuries are permanent and continuing in nature and the Plaintiff will continue to suffer the losses and impairments in the future. Plaintiff's injuries include, but are not limited to, the following:

3

a. Cervical disc herniations at C5-6 and C6-7, requiring surgical repair consisting of an anterior cervical diskectomy and fusion;

b. Chondral lesion of the lateral femoral condyle and the femoral trochlea with multiple cartilaginous loose bodies and fat pad impingement, requiring arthroscopic surgery;

c. Lumbar disc bulge at L5-S1 with facet joint effusions;

d. Thoracic sprain / strain;

e. Lumbar sprain / strain;

f. Cervical sprain/strain;

g. Right ulnar neuropathy;

h. Posttraumatic headaches and TMJ dysfunction; and

I. Anxiety, depression, and associated marriage difficulties, requiring medication and counseling.

WHEREFORE, Plaintiff, BRIAN F. SMITH, respectfully demands judgment for damages and all taxable costs against the Defendant, OSCAR L. STOKES. Plaintiff also demands a trial by jury on all issues so triable in this case.

### COUNT II - VICARIOUS LIABILITY OF SW IRRIGATION

19. Plaintiffs adopt and re-allege paragraphs 1 through 13 and 15 as though fully set forth herein.

20. On or about July 6, 2009, OSCAR L. STOKES, negligently operated a motor vehicle owned by Defendant, SW IRRIGATION, as a permissive driver and employee.

21. At the time of the subject motor vehicle accident, OSCAR L. STOKES was acting in the course and scope of his employment with Defendant, SW IRRIGATION.

22. Consequently, Defendant, SW IRRIGATION, is vicariously liable for his negligence.

23. As a direct and proximate result of said negligence, Plaintiff, BRIAN F. SMITH, was injured

4

in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, suffered mental anguish, suffered loss of earnings, suffered loss of earning capacity, has suffered loss of enjoyment of life, suffered aggravation of pre-existing conditions both known and unknown, the injuries are permanent and continuing in nature and the Plaintiff will continue to suffer the losses and impairments in the future. Plaintiff's injuries include, but are not limited to, the following:

a. Cervical disc herniations at C5-6 and C6-7, requiring surgical repair consisting of an anterior cervical diskectomy and fusion;

b. Chondral lesion of the lateral femoral condyle and the femoral trochlea with multiple cartilaginous loose bodies and fat pad impingement, requiring arthroscopic surgery;

c. Lumbar disc bulge at L5-S1 with facet joint effusions;

d. Thoracic sprain / strain;

e. Lumbar sprain / strain;

f. Cervical sprain/strain;

g. Right ulnar neuropathy;

h. Posttraumatic headaches and TMJ dysfunction; and

i. Anxiety, depression, and associated marriage difficulties, requiring medication and counseling.

WHEREFORE, Plaintiff, BRIAN F. SMITH, respectfully demands judgment for damages and all taxable costs against the Defendant, SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC. Plaintiff also demands a trial by jury on all issues so triable in this case.

## COUNT III - DANGEROUS INSTRUMENTALITY AGAINST SW IRRIGATION

24. Plaintiffs adopt and re-allege paragraphs 1 through 13 and 15 as though fully set forth herein.

25. Defendant, SW IRRIGATION, negligently entrusted the dangerous instrumentality of its motor vehicle with OSCAR L. STOKES who was negligently operating the motor vehicle at the time of the accident that is the subject of the negligence alleged in Count I of this Complaint.

26. As a direct and proximate result Plaintiff, BRIAN F. SMITH, was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, suffered mental anguish, suffered loss of earnings, suffered loss of earning capacity, has suffered loss of enjoyment of life, suffered aggravation of pre-existing conditions both known and unknown, the injuries are permanent and continuing in nature and the Plaintiff will continue to suffer the losses and impairments in the future. Plaintiff's injuries include, but are not limited to, the following:

   a. Cervical disc herniations at C5-6 and C6-7, requiring surgical repair consisting of an anterior cervical diskectomy and fusion;

   b. Chondral lesion of the lateral femoral condyle and the femoral trochlea with multiple cartilaginous loose bodies and fat pad impingement, requiring arthroscopic surgery;

   c. Lumbar disc bulge at L5-S1 with facet joint effusions;

   d. Thoracic sprain / strain;

   e. Lumbar sprain / strain;

   f. Cervical sprain/strain;

   g. Right ulnar neuropathy;

   h. Posttraumatic headaches and TMJ dysfunction; and

   i. Anxiety, depression, and associated marriage difficulties, requiring medication and counseling.

27. Defendant, SW IRRIGATION, is vicariously liable for the damages caused to BRIAN F. SMITH, under the doctrine of Dangerous Instrumentality.

WHEREFORE, Plaintiff, BRIAN F. SMITH, respectfully demands judgment for damages and all taxable costs against the Defendant, SOUTHERN TRACTOR & OUTDOORS, INC., f/k/a SW IRRIGATION EQUIPMENT, INC. Plaintiff also demands a trial by jury on all issues so triable in this case.

### COUNT IV - VICARIOUS LIABILITY OF HAMILTON

28. Plaintiffs adopt and re-allege paragraphs 1 through 13 and 15 as though fully set forth herein.

29. On or about July 6, 2009, OSCAR L. STOKES, negligently operated a motor vehicle that had connected to it a trailer owned by Defendant, HAMILTON, as a permissive user and/or employee.

30. At the time of the subject motor vehicle accident, OSCAR L. STOKES was acting in the course and scope of his employment with Defendant, HAMILTON, or, in the alternative, was permissively using the trailer with HAMILTON's implied or express consent.

31. Consequently, Defendant, HAMILTON, is vicariously liable for his negligence.

32. As a direct and proximate result of said negligence, Plaintiff, BRIAN F. SMITH, was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, suffered mental anguish, suffered loss of earnings, suffered loss of earning capacity, has suffered loss of enjoyment of life, suffered aggravation of pre-existing conditions both known and unknown, the injuries are permanent and continuing in nature and the Plaintiff will continue to suffer the losses and impairments in the future. Plaintiff's injuries include, but are not limited to, the following:

    a.    Cervical disc herniations at C5-6 and C6-7, requiring surgical repair consisting of an

anterior cervical diskectomy and fusion;

b. Chondral lesion of the lateral femoral condyle and the femoral trochlea with multiple cartilaginous loose bodies and fat pad impingement, requiring arthroscopic surgery;

c. Lumbar disc bulge at L5-S1 with facet joint effusions;

d. Thoracic sprain / strain;

e. Lumbar sprain / strain;

f. Cervical sprain/strain;

g. Right ulnar neuropathy;

h. Posttraumatic headaches and TMJ dysfunction; and

I. Anxiety, depression, and associated marriage difficulties, requiring medication and counseling.

WHEREFORE, Plaintiff, BRIAN F. SMITH, respectfully demands judgment for damages and all taxable costs against the Defendant, HAMILTON EQUIPMENT, LP. Plaintiff also demands a trial by jury on all issues so triable in this case.

### COUNT V - DANGEROUS INSTRUMENTALITY AGAINST HAMILTON

33. Plaintiffs adopts and re-allege paragraphs 1 through 13 and 15 as though fully set forth herein.

34. Defendant, HAMILTON, negligently entrusted the dangerous instrumentality of its trailer with OSCAR L. STOKES who was negligently operating the motor vehicle at the time of the accident that is the subject of the negligence alleged in Count I of this Complaint.

35. As a direct and proximate result Plaintiff, BRIAN F. SMITH, was injured in and about his body and extremities, suffered pain there from, incurred medical expenses in the treatment of the injuries, suffered mental anguish, suffered loss of earnings, suffered loss of earning capacity, has suffered loss of enjoyment of life, suffered aggravation of pre-existing conditions both known

8

and unknown, the injuries are permanent and continuing in nature and the Plaintiff will continue to suffer the losses and impairments in the future. Plaintiff's injuries include, but are not limited to, the following:

a. Cervical dis herniations at C5-6 and C6-7, requiring surgical repair consisting of an anterior cervical diskectomy and fusion;

b. Chondral lesion of the lateral femoral condyle and the femoral trochlea with multiple cartilaginous loose bodies and fat pad impingement, requiring arthroscopic surgery;

c. Lumbar disc bulge at L5-S1 with facet joint effusions;

d. Thoracic sprain / strain;

e. Lumbar sprain / strain;

f. Cervical sprain/strain;

g. Right ulnar neuropathy;

h. Posttraumatic headaches and TMJ dysfunction; and

i. Anxiety, depression, and associated marriage difficulties, requiring medication and counseling.

36. Defendant, SW IRRIGATION, is vicariously liable for the damages caused to BRIAN F. SMITH, under the doctrine of Dangerous Instrumentality.

WHEREFORE, Plaintiff, BRIAN F. SMITH, respectfully demands judgment for damages and all taxable costs against the Defendant, HAMILTON GROWERS, INC., d/b/a HAMILTON EQUIPMENT, INC., Plaintiff also demands a trial by jury on all issues so triable in this case.

### COUNT VI - DENISE SMITH'S LOSS OF CONSORTIUM CLAIM AGAINST THE DEFENDANTS

37. Plaintiffs adopts and re-allege paragraphs 1 through 13 and 15 as though fully set forth herein.

9

38. At the time of the accident, and for a period of time prior thereto, the Plaintiffs, BRIAN F. SMITH and DENISE SMITH, have been husband and wife.

39.. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, DENISE SMITH, has in the past and will in the future be obligated to incur expenses for her husband's care and medical services, and as a direct result of the accident alleged herein, has in the past and will in the future suffer the loss of her husband's care, comfort, services, companionship, society and consortium, on an extended and continuing basis.

WHEREFORE, Plaintiff, DENISE SMITH, demands judgment against the Defendants, OSCAR L. STOKES and SOUTHERN TRACTOR & OUTDOORS, INC. f/k/a SW IRRIGATION EQUIPMENT, INC., and HAMILTON GROWERS, INC., d/b/a HAMILTON EQUIPMENT, LP, for damages. Plaintiff also demands a trial by jury on all issues so triable in this case.

Dated this 3rd day of June, 2010

Respectfully submitted,

ADAMS & DIACO, P.A.
BANK OF AMERICA PLAZA
101 East Kennedy Blvd., Suite 2175
Tampa, Florida 33602
Tele:   (813) 221-8669
Fax:    (813) 221-8850
Florida Bar No.: 0065201
Attorneys for Plaintiff

By: _____
Joseph F. Diaco, Jr., Esquire

10